Filed 11/17/20  P. v. Smith CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075375 |
| v. | (Super.Ct.No. FCH08137) |
| ZACHARY SHAWN SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Dismissed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

<u>INTRODUCTION</u>

Defendant and appellant Zachary Shawn Smith appeals from an order denying his petition for modification of sentence.  Appointed appellate counsel filed an opening brief

1

that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Because defendant is not entitled to *Wende/Anders* review from the denial of the challenged postjudgment motion, and he has not filed a supplemental brief, we dismiss this appeal as abandoned.

PROCEDURAL BACKGROUND

In 2008, defendant entered a plea agreement and pled guilty to one count of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2), count 2), two counts of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1), counts 3 & 4), and one count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a), count 5).[2] As to count 2, he admitted the allegation that he personally inflicted great bodily injury on another person. (Pen. Code, § 12022.7, subdivision (b).) He also admitted that he had one prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and that he had served three prior prison terms (Pen. Code, § 667.5, subd. (b)). A trial court imposed the agreed-upon sentence of 20 years in state prison.

On June 8, 2017, the court granted defendant's petition for resentencing under section 1170.18 and reduced count 5 to a misdemeanor. The prosecutor agreed to dismiss one of the section 667.5, subdivision (b) prison priors. The court resentenced defendant to 17 years eight months.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] Count 1 was dismissed pursuant to the plea agreement.

2

On November 18, 2019, defendant filed an in propria persona motion for modification of sentence pursuant to Senate Bill No. 136 (2017-2018 Reg. Sess.) and section 1170, subdivision (d)(1).  He requested the court to strike his two prison priors under Senate Bill No. 136.  He also claimed the California Department of Corrections and Rehabilitation failed to reduce his sentence to 17 years eight months in accordance with the court's prior order.

On July 13, 2020, the court held a hearing on defendant's motion.  The prosecutor argued that Senate Bill No. 136 only applied retroactively to cases not yet final when it went into effect, and defendant's case was final.  The court denied defendant's motion.

Defendant filed a timely notice of appeal and filed a request for certificate of probable cause, which the court granted.[3]

## DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, and identifying one potential arguable issue:  whether Senate Bill No. 136 applies retroactively to defendant's sentence.  Counsel requests that we independently review the record.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

---

[3] We note that defendant marked the box on the notice of appeal form stating he was challenging the validity of the plea; however, his request for certificate of probable cause asserted he pled to prison priors that were no longer valid pursuant to the passage of Senate Bill No. 136.

The right to *Wende/Anders* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45.) The constitutional right to counsel extends to the first appeal of right and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.)

Applying *Serrano* here, defendant has no right to *Wende/Anders* review of the denial of his petition for modification of sentence. Furthermore, when, as here, the defendant does not file a supplemental brief, we may deem the appeal to be abandoned and dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

I concur:

RAPHAEL _____
J.

4

[*People v. Smith*, E075375]

McKINSTER, Acting P. J.

I respectfully dissent. I recognize that the court in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, recently held "that *Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief . . . ." (*Id.* at p. 1028.) Nonetheless, pursuant to its supervisory authority, *Cole* determined to employ a quasi-*Wende*[1] review to postjudgment cases, giving the defendant the right to file a supplemental brief when defense counsel files a *Wende* brief. The court would then dismiss the case if the defendant failed to file a supplemental brief or would address the issues raised if the defendant did file a supplemental brief. (*Cole*, at p. 1028.)

Pursuant to the same supervisory authority, I would elect to conduct a traditional *Wende* review in criminal appeals from the denial or dismissal of postconviction avenues of relief. I agree with the recent decision in *People v. Flores* (2020) 54 Cal.App.5th 266, "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of" postconviction avenues of relief, "a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice." (*Flores*, at p. 269; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

1

Such a procedure provides defendants an added layer of due process while consuming comparatively little judicial resources. Thus, after independently reviewing the record for potential error and finding no arguable issues, I would affirm the judgment.

McKINSTER
Acting P. J.

2